# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN UKPERE, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>CHICK-FIL-A, INC.,<br><br>Defendant. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Chick-fil-A, Inc. ("Chick-fil-A" or "Defendant") hereby removes this civil action, with reservation of all rights and defenses, from the Law Division of the Superior Court of New Jersey, Middlesex County, Docket No. MID-L-003792-22 (the "State Court Action") to the United States District Court for the District of New Jersey. In support of removal, Chick-fil-A respectfully states as follows:

### I.     PRELIMINARY STATEMENT

1.     On or about August 1, 2022, plaintiff Susan Ukpere ("Plaintiff") initiated the State Court Action in the Law Division of the Superior Court of New Jersey, Middlesex County.

1

2.      The State Court Action complaint ("Complaint") alleges that "Chick-fil-A imposes hidden delivery charges on its customers" by "secretly mark[ing] up food prices for delivery orders by a hefty 25-30%." Compl. ¶¶ 3–4. Plaintiff asserts claims for: (1) a violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*, and (2) unjust enrichment. Compl. ¶¶ 82–94. Plaintiff filed her claims on behalf of herself and "[a]ll persons in New Jersey who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented." *Id.* ¶ 72.

3.      This action is a civil class action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332(d)(2)(A) ("Class Action Fairness Act" or "CAFA"), and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1446 and 1453. This action: (1) seeks relief on behalf of a purported class of persons; (2) in which at least one member is a citizen of a state different from that of Defendant; (3) the number of affected people is not less than 100; and (4) the amount allegedly in controversy exceeds $5 million, exclusive of interest and costs. *See* U.S.C. § 1332(d)(2), (d)(5)(B); August 31, 2022 Declaration of Teddy Cravens ("Cravens Decl.") ¶ 5 (attached hereto as **Exhibit A**).

4.      Chick-fil-A denies Plaintiff's allegations, denies it engaged in any wrongdoing, disputes Plaintiff's asserted claims, and disputes that Plaintiff is

entitled to any relief on an individual or a class-wide basis. Chick-fil-A discusses Plaintiff's claims and allegations herein solely to demonstrate the propriety of removal.

5. Chick-fil-A has not taken any action in the State Court Action.

## II. CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)(2)(A)

6. CAFA provides for original federal jurisdiction "of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

7. <u>Covered Class Action</u>. A case satisfies CAFA's class action requirement if it is "filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The present action satisfies this definition because Plaintiff's suit is brought "on behalf of herself and Class of similarly situated persons," including those who "ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented." Compl. ¶ 72. The Complaint is also styled as a "Class Action Complaint" and contains an entire section devoted to "Class Allegations" purporting to be "[p]ursuant to New Jersey Rules of Court 4:32." *Id.* ¶¶ 72–81.

8. _Diversity_. The diversity requirement of Section 1332(d) is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." The citizenship of a corporation for purposes of determining diversity jurisdiction is based upon the place of incorporation and the "principal place of business." 28 U.S.C. § 1332(c)(1). Here, this requirement is met, as there is complete diversity of citizenship between the named Plaintiff and Chick-fil-A. Chick-fil-A is a Georgia corporation with its principal place of business in the State of Georgia. Cravens Decl. ¶ 2. Indeed, Plaintiff concedes that "Chick-fil-A[,] Inc. is incorporated in Georgia and maintains its principal business offices in Atlanta, Georgia." Compl. ¶ 19. Accordingly, Chick-fil-A is a citizen of Georgia. Plaintiff alleges that she "is a citizen of the State of New York who resides in Bronx, New York." _Id._ ¶ 18. Thus, at least one member of the class of plaintiffs is a citizen of a state (New York) different from that of the sole Defendant in this action (Georgia), satisfying CAFA's diversity requirements. 28 U.S.C. § 1332(d)(2)(A).

9. _The Proposed Class Allegedly Exceeds 100 Members_. Plaintiff alleges in her Complaint that the total number of class members is "well into the thousands." Compl. ¶ 74. Thus, based on Plaintiff's allegations, the CAFA jurisdictional requirement regarding the size of the putative class is satisfied for purposes of 28 U.S.C. § 1332(d)(5)(B).

10. <u>Amount in Controversy</u>. CAFA requires that the "aggregate[]" "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (6). While Chick-fil-A denies Plaintiff is entitled to any of the relief sought in the Complaint, the relief that Plaintiff seeks through restitution and damages, when trebled, exceeds CAFA's $5 million amount-in-controversy requirement. *See Lawton v. Basic Research, L.L.C.*, No. 10-6341(NLH)(AMD), 2011 WL 1321567, at *2–4 (D.N.J. Mar. 31, 2011) (analyzing the amount-in-controversy requirement using treble damages provided for under the New Jersey Consumer Fraud Act). Plaintiff seeks to represent "[a]ll persons in New Jersey who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered food delivery through the Chick-fil-A mobile app or website, and were assessed higher delivery charges than represented." Compl. ¶ 72. Plaintiff also prays for "an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above." Compl., Prayer for Relief ¶ (c). Chick-fil-A has analyzed the delivery orders made through the Chick-fil-A mobile app or website in New Jersey since the inception of Chick-fil-A delivery in New Jersey in August 2019. *See* Cravens Decl. ¶ 5. The monies acquired by Chick-fil-A through orders for food delivery through the Chick-fil-A mobile app or website during that time period exceed $3 million. *Id.* This amount, when trebled, satisfies CAFA's $5 million

amount-in-controversy requirement based on the allegations in Plaintiff's Complaint.

11. <u>No CAFA Exclusions</u>. This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Chick-fil-A, the sole defendant in this action, is not a citizen of New Jersey, the state in which the action originally was filed.

### III. REMOVAL IS OTHERWISE PROCEDURALLY PROPER

12. <u>Removal Is Timely</u>. Plaintiff sent the Complaint to Chick-fil-A via e-mail on August 3, 2022. Cravens Decl. ¶ 6. Thus, this Notice of Removal is timely, as the 30-day period for removal has not expired.

13. <u>Venue Is Proper</u>. This Court is part of "the district and division embracing the place where" the State Court Action is pending, i.e., Middlesex County, New Jersey. 28 U.S.C. §§ 1441(a) and 1446(a).

14. <u>Pleadings and Process</u>. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit B** are a copy of the docket sheet and "a copy of all process, pleadings, and orders served upon" Chick-fil-A.

15. <u>Filing and Service</u>. A Notice of Filing Notice of Removal is to be filed in the Law Division of the Superior Court of New Jersey, Middlesex County, and a true and correct copy of the same is attached hereto as **Exhibit C**. A copy of this Notice of Removal is also being filed with the Clerk of the Law Division of the

Superior Court of New Jersey, Middlesex County, and is being served on all counsel of record, consistent with 28 U.S.C. § 1446(d).

16. If any questions arise as to the propriety of the removal of this action, Chick-fil-A requests the opportunity to submit a brief, evidence, and to present oral argument in support of its position that this case has been properly removed.

WHEREFORE, Chick-fil-A respectfully removes this action from the Law Division of the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey.

Dated: September 2, 2022

Respectfully submitted,
**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: */s/ Daniel E. Gorman*
Daniel E. Gorman
875 Third Avenue
New York, New York 10022
Tel: (212) 704-6000
Fax: (212) 704-6288
daniel.gorman@troutman.com

Lindsey B. Mann (*pro hac vice application forthcoming*)
Kathleen M. Campbell (*pro hac vice application forthcoming*)
600 Peachtree Street N.E., Suite 3000
Atlanta, Georgia 30308
Tel: (404) 885-3000
Fax: (404) 885-3900
lindsey.mann@troutman.com
kathleen.campbell@troutman.com

*Attorneys for Defendant Chick-fil-A, Inc.*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

The undersigned hereby certifies that the matter in controversy is not the subject of any other known action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  September 2, 2022

                      **TROUTMAN PEPPER**
                      **HAMILTON SANDERS LLP**

                      By: */s/ Daniel E. Gorman*
                           Daniel E. Gorman

# **CERTIFICATE OF SERVICE**

I, Daniel E. Gorman, hereby certify that on September 2, 2022, I caused a true and correct copy of the Notice of Removal, Certification Pursuant to Local Civil Rule 11.2, and Civil Cover Sheet to be served upon counsel listed below via Federal Express and ECF Filing:

Rachel Edelsberg, Esq.
**DAPEER LAW, P.A.**
rachel@dapeer.com
3331 Sunset Avenue
Ocean, New Jersey 07712

Andrew J. Shamis, Esq.
**SHAMIS & GENTILE, P.A.**
ashamis@shamisgentile.com
14 NE First Avenue, Suite 705
Miami, Florida 33132

Jeffrey D. Kaliel, Esq.
**KALIELGOLD PLLC**
jkaliel@kalielpllc.com
1100 15th Street NW, 4th Floor
Washington, D.C. 20005

Sophia Goren Gold, Esq.
**KALIELGOLD PLLC**
sgold@kalielgold.com
950 Gilman Avenue, Suite 200
Berkely, CA 94710

Scott Edelsberg, Esq.
Christopher Gold, Esq.
**EDELSBERG LAW, PA**
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave, Suite 417

Aventura, FL 33180

*Attorneys for Plaintiff and Proposed Class*

**TROUTMAN PEPPER
HAMILTON SANDERS LLP**

By: */s/ Daniel E. Gorman*
    Daniel E. Gorman